1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| CHARLES WAYNE UPTERGROVE,     ) | CV **F 08-0303 AWI SMS** |
|     ) | |
| **Plaintiff,**     ) | |
|     ) | |
|     ) | **MEMORANDUM OPINION** |
| **v.**     ) | **AND ORDER ON** |
|     ) | **DEFENDANTS' MOTION TO** |
| **UNITED STATES OF AMERICA,**     ) | **DISMISS PURSUANT TO** |
| **DARRIN LAMBERT, McGREGOR W.**     ) | **F.R.C.P. 12(b)(1) AND F.R.C.P.** |
| **SCOTT, G. PATRICK JENNINGS,**     ) | **12(b)(6),** |
| **MICHAEL G. PITMAN, UNITED**     ) | **AND RELATED ORDERS** |
| **STATES DISTRICT COURT FOR THE**     ) | |
| **EASTERN DISTRICT OF**     ) | |
| **CALIFORNIA, UNITED STATES**     ) | |
| **COURT OF APPEALS FOR THE**     ) | |
| **NINTH CIRCUIT,**     ) | **Document # 10** |
|     ) | |
| **Defendants.**     ) | |
| _____ ) | |

19
20
21
22
23
24
25
26
27
28

This is an action for damages and injunctive relief by Plaintiff Charles Wayne Uptergrove ("Plaintiff").  Plaintiff  filed this action in Madera County Superior Court on February 21, 2008.  The case was removed to this court on March 3, 2008.  On April 4, 2009 Plaintiff filed an "amended" complaint which purports to amend, rather than replace, the original complaint by adding a number of "Doe" defendants and setting forth claims against the Doe defendants.  The instant action (also hereinafter the "2008 Action"), as reflected in the original complaint and the amendment, refer to District Court case number 06cv1630 AWI GSA ("the "2006 Action").

The complaint in the 2008 Action lists as defendants United States of America, Darrin

1   Lambert, G. Patrick Jennings, Michael G. Pitman, McGregor W. Scott, the District Court for the

2   Eastern District of California, and the Ninth Circuit Court of Appeals (collectively

3   "Defendants").  The amendment to the complaints adds Doe Defendants, but no additional

4   named individual or entity defendants. Although individual judges of either the district or

5   appellate court are not named as individual defendants in the complaint or on the docket report,

6   judges Ishii, Austin and O'Neill are individually named in the prayer for relief and $50,000 is the

7   requested award from each as damages arising from Plaintiff's claims for denial of due process

8   and "RICO/Profiteering."  The prayer for relief also names certain justices of the Ninth Circuit

9   Court of Appeals, although those justices are not named in the complaint or docket report.

10       In the instant motion, Defendants move to dismiss all the named individual defendants

11   from the action and seek to substitute defendant United States of America as the proper party

12   defendant.  For the reasons that follow, Defendants motion to dismiss will be granted and the

13   motion to substitute United States as proper party defendant will be denied as moot.

14                   **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

15       In the 2006 Action,  United States seeks to reduce to judgment and foreclose on property

16   owned by Uptergrove in satisfaction of an unpaid tax claim.  As of this writing, the 2006 Action

17   has not been finally resolved.  The original complaint in the 2008 Action seeks recompense for

18   real and personal property taken or upon which a lien has been filed in the course of the 2006

19   Action by United States.  Plaintiff's central contention, so far as the court can discern, is that

20   United States is without legal authority to levy taxes against Plaintiff, and that this court is

21   without jurisdiction to enforce United States' claim.  The complaint in the 2008 Action alleges

22   that the actions of United States and of the individuals involved in those actions amount to

23   "racketeering" and that the Defendant courts and individuals colluded to commit robbery and to

24   profiteer by use of "threats, oppression, malice, fraud and coercion to accomplish their ongoing

25   criminal enterprise."

26       United States alleges, and Plaintiff does not dispute, that the individual Defendants

27

28                                               2

named in the original complaint are each employees of the federal government who were/are in some way involved in the 2006 Action.  Defendants allege G. Patrick Jennings and Michael Pitman are trial attorneys in the Tax Division of the Department of Justice who are representing the United States in the 2006 Action.  Defendant McGregor W. Scott is the United States Attorney for the Eastern District of California whose name appears on all filings by the United states, and Darrin Lambert is a United States Marshall.  Defendants allege, and Plaintiff does not dispute, that every claim against the individual named Defendants in the complaint arises out of the conduct of the individual Defendants in their official capacities in connection with the 2006 Action.  The named court Defendants and the judges and justices that are named in the prayer for relief are likewise those that were/are involved in the 2006 Action.

United States filed notice of substitution for all other Defendants and moved to dismiss the complaint for lack of jurisdiction on March 13, 2008.  Following the amendment of the complaint by Plaintiff on April 4, 2008, United States withdrew its March 13 motion to dismiss and filed the instant motion to dismiss both the complaint and its amendment as to all defendants on April 10, 2008.  Plaintiff filed a document titled "Jurisdictional Objections; Opposition to Defendants Motion to Dismiss; and Motion to Remand State Causes of Action . . ." (hereinafter "Opposition") on May 14, 2008.  Defendants filed a reply on May 19, 2008.  The hearing on the motion to dismiss was vacated and the matter was taken under submission as of May 14, 2008.

## LEGAL STANDARD

United States moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  United States also moves to dismiss pursuant to Rule 12(b)(6) on the ground the complaint and its amendment fail to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete

1  diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See

2  28 U.S.C. §§ 1331, 1332(a) (West 1998). When subject matter jurisdiction is challenged under

3  Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to

4  survive the motion. See Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th

5  Cir.1989). "A plaintiff suing in a federal court must show in his pleading, affirmatively and

6  distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so,

7  the court, on having the defect called to its attention or on discovering the same, must dismiss the

8  case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459,

9  46 S.Ct. 338, 70 L.Ed. 682 (1926).

10     A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

11  Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

12  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

13  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d

14  696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a

15  cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.

16  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a

17  motion to dismiss, the court must accept as true the allegations of the complaint in question,

18  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

19  the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

20  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  In deciding

21  a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they

22  are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624

23  (9th Cir.1981).

24                                    **DISCUSSION**

25     Plaintiff's fundamental claim with respect to both the 2006 and 2008 Actions is that the

26  tax claims against him that United States seeks to reduce to judgment in the 2006 Action are

27

28                                         4

invalid.  Plaintiff's 2008 Action essentially reasons that, because the unpaid tax claims against him are invalid, the actions by various representatives of the federal government, through the courts, to take his property in satisfaction of those claims amount to violations of Plaintiff's civil rights, presumably under the Fourth Amendment.  In the instant 2008 Action, Plaintiff seeks redress of those civil rights violations pursuant to California's Unruh Civil Rights Act, California Civil Code, section 51 et seq.

Defendants' motion to dismiss challenges the sufficiency of Plaintiff's complaint and its amendment on three main grounds.  First, Defendants contend the only proper party defendant in this case, United States, is immune from suit under the doctrine of sovereign immunity.  Second, Defendants contend the individual defendants, to the extent they are being sued in their individual capacities, are immune from suit under various doctrines.  Last, Defendants contend the complaint and its amendment should be dismissed because no claim is alleged upon which relief can be granted.

**I.  Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)**

The cornerstone of Defendants' motion to dismiss pursuant to Rule 12(b)(1) is their contention that the sovereign immunity of the United States and agents acting on its behalf bar any suits against United States except to the extent consent to be sued is expressly granted.  Defendants contend that no waiver of sovereign immunity applies in this case and that United States and the individual and court Defendants are therefore immune from suit.

The immunity of the United States as sovereign is well established.  As Defendants correctly note, the United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction to hear the suit.  United States v. Testan, 424 U.S. 392, 399 (1976).  Defendants contend suits against the officers or agents of the United States for acts that are committed in their official capacity are suits against the United States and are barred by sovereign immunity.  Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949).

1    *A.  Applicability of Sovereign Immunity*

2          Where the court parts company with Defendants' approach to Plaintiff's action is where

3    Defendants characterize Plaintiff's action as an action "arising in respect of the assessment or

4    collection of" a tax claim.  Doc. # 10-2 at 5:2-3 (citing 28 U.S.C. § 2680(c)).  While there is no

5    question this action arises out of, and in response to, governmental actions taken in the course of

6    the 2006 Action, the court is constrained  to address the complaint and its amendment according

7    to the claims for relief actually pled; in this instance, claims for violation of Plaintiff's civil

8    rights.  As Plaintiff characterizes the actions of the individual Defendants, those actions do not

9    represent an attempt to collect taxes because Plaintiff denies there is a valid tax claim.  Rather

10   Plaintiff characterizes the acts of the Defendants as various species of theft, extortion, coercion,

11   racketeering, etc.  Plaintiff also alleges he was denied certain due process rights.

12         While the United States, as sovereign, is immune from suit, except to the extent it

13   consents to be sued, executive officials of the United State may be sued where their actions

14   constitute a violation of the Fourth Amendment.  Bivens v. Six Unknown Named Agents, 403

15   U.S. 388, 396 (1971).  Bivens limits the immunity of executive officers and agents of the

16   sovereign for acts committed in their official capacity to a qualified immunity that depends "upon

17   the scope of discretion and responsibilities of the office and all the circumstances as they

18   reasonably appeared at the time of the action on which liability is sought to be based." Mark v.

19   Groff, 521 F.2d 1376, 1379 (9th Cir. 1975).  Thus the sovereign immunity for agents of the

20   government as described in Larson, does not apply where the actions of the officer or agent of the

21   government constitute an infringement of Plaintiff's Fourth Amendment rights.  While the court

22   agrees that United States is entitled to sovereign immunity and that no waiver of that immunity

23   applies in this case, the case is fundamentally a civil rights case and the individual defendants are

24   not entitled to sovereign immunity where the complaint alleges violation of Plaintiff's Fourth

25   Amendment rights against them.  See Mark v. Groff, 521 F.2d 1376 (9th Cir. 1975) (civil rights

26   claim will lie where complaint adequately alleges IRS agents violated Fourth Amendment

27

28                                                    6

1    rights).

2        **B.  Immunity and _Bivins_ Claims**

3        An action against officers or agents of the United States will not lie under Bivins where

4    "'Congress has provided an alternative remedy which it explicitly declares to be a substitute for

5    recovery directly under the Constitution and views as equally effective.' [Citation.]" Libas v.

6    Carillo, 329 F.3d 1128, 1130 (9th Cir. 2003).  Further, courts have been reluctant to extend the

7    reach of Bivins claims beyond those based on violations of the Fourth and Eighth Amendments.

8    Id.  While the court agrees with Defendants that the validity or accuracy of a tax claim cannot be

9    challenged through a Bivins claim because Congress has provided alternate means for

10   adjudication of such claims, it is clear that a taxpayer may assert claims under Bivins against

11   individual IRS agents for violation of Fourth Amendment rights suffered in the process of IRS's

12   prosecution of claims against the taxpayer.  See, Mark, 521 F.2d 1380 (finding  IRS agents

13   entitled only to qualified immunity where unconstitutional acts are alleged); see also, Fry v.

14   Melaragno, 939 F.2d 832 (9th Cir. 1991) (analyzing application doctrines of qualified and

15   absolute immunity to various defendants in action claiming Fourth Amendment violations in tax

16   case).

17       Leaving aside for the moment the question of whether Plaintiff has adequately stated any

18   claim in the instant case, it is clear that Plaintiff has at least attempted to asserted claims that

19   could implicate Fourth Amendment rights against unlawful seizure.  Thus, at least in the abstract,

20   Plaintiff could possibly state claims against some defendants that would be cognizable under

21   Bivins.

22       The question that next arises is what sort of immunity applies to which Defendants.  The

23   question is important because  "absolute immunity defeats a suit at the outset, so long as the

24   official's actions [are] within the scope of the immunity.  The fate of an official with qualified

25   immunity depends upon the circumstances and motivations of his actions, as established by the

26   evidence at trial."  Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976).  Thus, where an official is

27

28                                                  7

1  entitled to absolute immunity, that immunity bars the court's jurisdiction as to claims against that

2  official so that dismissal is warranted pursuant to Rule 12(b)(1).  Qualified immunity, by

3  contrast, is not jurisdictional and dismissal is warranted, if at all, only pursuant to Rule 12(b)(6)

4  for defendants who enjoy only qualified immunity.

5          "When considering claims of governmental immunity '[t]he presumption is that qualified

6  rather than absolute immunity is sufficient to protect government officials in the exercise of their

7  duties.' [Citations.]" Fry, 939 F.2d at 935.  Absolute immunity is the exception to this general

8  rule that is reserved to that smaller subset of government officials that "require absolute

9  immunity from liability in order to enable them to function independently and effectively,

10  without fear of intimidation or harassment." Id.  The court next examines which, if any,

11  defendants are entitled to absolute immunity.

12          ***C. Absolute and Judicial Immunity***

13          "'Few doctrines were more solidly established at common law than the immunity of

14  judges from liability for damages for acts committed within their judicial jurisdiction.' [Citation].

15  This 'immunity is overcome in only two sets of circumstances.  First, a judge is not immune from

16  liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a

17  judge is not immune for actions, although judicial in nature, taken in the complete absence of all

18  jurisdiction.' [Citation]." Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).  Judicial

19  immunity is complete for judicial acts within the broad scope of the court's jurisdiction. Id.  A

20  judge's immunity applies no matter how "erroneous the act may have been, and however

21  injurious in its consequences it may have proved to the plaintiff." Cleavinger v. Saxner, 474

22  U.S. 193, 199-200 (1985).

23          Plaintiff did not directly address Defendants' contention that the judges, justices and

24  courts involved in this case are absolutely immune from liability in this action.  Plaintiff's

25  allegations against this court and its judges and against the Ninth Circuit Court of Appeals and its

26  judges are based solely on the participation of the judges and the courts in proceedings pertaining

27

28                                          8

1  to the 2006 Action.  As previously noted, Plaintiff's core allegation is that this court and, by

2  extension, the Ninth Circuit Court of Appeals are without jurisdiction to enforce the

3  government's tax claim against Plaintiff.  It is well established that a court has jurisdiction to

4  determine its own jurisdiction in a case.  United States v. United Mine Workers of America, 330

5  U.S. 258, 191 n.57 (1947).  Thus, even if Plaintiff were to argue that judicial immunity is not

6  applicable in this case because jurisdiction is lacking, United Mine Workers makes it clear that

7  jurisdiction does exist in this court to make the fundamental decision of jurisdiction that Plaintiff

8  claims is the basis of the harms he suffered.  The judges, justices and courts that have been

9  involved in the 2006 Action are therefore absolutely immune from liability arising from the 2006

10  Action.

11          Because Plaintiff's allegations against this court and the Ninth Circuit Court of Appeals

12  are all related to the judicial functions of the courts in the 2006 Action, this court finds it and its

13  judges and the Ninth Circuit Court of Appeals and its justices are absolutely immune from the

14  claims set forth in the complaint and its amendment.

15          Attorneys who prosecute cases on behalf of the Government are absolutely immune from

16  claims based on their participation in the judicial process for the same reasons judges are

17  immune.  Imbler, 424 U.S. at 422-423.  Those reasons include "concern that harassment by

18  unfounded litigation would cause a deflection of the prosecutor's energies from his public duties,

19  and the possibility he would shade his decisions instead of exercising the independence of

20  judgment required by his public trust."  Id.  The absolute immunity of governmental prosecuting

21  attorneys has been expressly applied to the actions of governmental attorneys representing the

22  IRS in income tax disputes.  See Fry, 939 F.2d at 838 (holding IRS attorney defendants

23  absolutely immune from suit where claims are "'intimately associated with the judicial phases' of

24  the tax litigation").

25          So far as the court can discern from the complaint and its amendment, all claims against

26  attorneys G. Patrick Jennings and Michael Pitman, and  McGregor W. Scott arise out of their

27

28                                                                9

1  involvement in their official capacities in the judicial proceedings in the 2006 Action.  The court

2  finds Plaintiff's claims against the attorneys representing the government are intimately

3  associated with the judicial phases of the tax litigation within the meaning of <u>Fry</u>.  The court

4  therefore finds the defendant attorneys are absolutely immune from suit.  Thus, G. Patrick

5  Jennings and Michael Pitman, and  McGregor W. Scott, in addition to this court and the Ninth

6  Circuit Court of Appeals and their respective judges or justices, are absolutely immune from

7  liability arising out of the 2006 Action.

8  **II.  Motion to Dismiss Pursuant to Rule 12(b)(6)**

9           It is clear that a court has jurisdiction to hear <u>Bivins</u> claims against IRS officials to the

10  extent the claims adequately allege coercion, intimidation or unconstitutional seizure of property

11  in violation of the Fourth Amendment.  <u>See Mark</u>, 521 F.2d at 1379 (finding IRS agents do not

12  qualify for sovereign or absolute immunity where improper tax collection tactics are alleged).

13  Thus, to the extent Plaintiff has intimated claims of intimidation, coercion, and unconstitutional

14  confiscation of property, there is at least a theoretical possibility Plaintiff could allege <u>Bivins</u>

15  claims against officials or agents who participated in unconstitutional acts.  <u>Id</u>.  As discussed

16  above, because IRS agents are not governmental officers who are entitled to absolute immunity,

17  the court has jurisdiction to determine whether qualified immunity applies to those officers.

18  Dismissal, if appropriate, is therefore authorized by Rule 12(b)(6), rather than by Rule 12(b)(1).

19           United States Marshall Darrin Lambert, along with any "Doe" who are not judicial

20  officers or attorney-representatives of IRS, and who are government officials or agents are

21  immune from liability under the doctrine of qualified immunity, if at all.  "[G]overnment

22  officials performing discretionary functions generally are shielded from liability for civil

23  damages insofar as their conduct does not violate clearly established statutory or constitutional

24  rights of which a reasonable person would have known."  <u>Fry</u>, 393 F.2d at 838.  "In <u>Aderson v.</u>

25  <u>Creighton</u>, 483 U.S. 635 [. . .] (1987), the Court refined this objective standard, instructing that

26  the right alleged to have been violated must exist in a 'particularized' and not general sense, and

27

28                                                           10

1   that '[t]he contours of the right must be sufficiently clear that a reasonable official would

2   understand that what he is doing violates that right.  Id. at 640."  Fry, 939 f.2d at 838.

3        So far as the court can discern from the complaint and amendment, the claims asserted by

4   Plaintiff arise out of the governments' institution and prosecution of what Plaintiff contends are

5   void tax claims in the 2006 Action.  Specifically, Plaintiff contends the government and the court

6   are without jurisdiction to institute the action to reduce Plaintiff's tax obligation to judgment.

7   Qualified immunity is therefore available to any Defendant who, acting in his or her official

8   capacity, would have reasonably understood their actions did not violate any clearly established

9   right.  Although Plaintiff may subjectively believe he is somehow not liable for payment of

10  federal income taxes owed, that belief is peculiar to him and unreasonable.  That this court has

11  jurisdiction over the efforts of IRS to collect on taxes owed by Plaintiff has been explained to

12  Plaintiff in the course of proceedings in the 2006 Action.  Any agent or official of the federal

13  government is well within the realm of the reasonable if he or she acts in accordance with the

14  understanding that the IRS and its agents and officers are empowered to take appropriate legal

15  action to collected tax monies owed.

16       Further, the court agrees with Defendants that Plaintiff has failed to allege facts sufficient

17  to state any claim for relief.  The complaint is replete with allegations of "robbery,"

18  "racketeering," and "threat duress, oppression, malice, fraud and coercion," but these are legal

19  conclusions cast as factual allegations, and are not sufficient to state a claim for relief.  A claim

20  alleging a constitutional deprivation must allege facts that show that depravation; it is not

21  sufficient to merely allege the depravation itself.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092

22  (9th Cir. 1980) (appellants dissatisfaction with property settlement and conclusory allegation of

23  conspiracy to prevent appellant's divorce proceeding are insufficient to show constitutional

24  depravation.)  There are absolutely no facts alleged in the complaint or its amendment to indicate

25  that any of the actions carried out by IRS officers or agents was anything other that what would

26  be expected in a routine action to reduce a tax liability to judgment.  Neither is there any

27

28                                                11

1   allegation that any named defendant acted in other than their official capacity.

2       The amendment to the complaint alleges that an undetermined number of "Doe"

3   Defendants, who are private persons acting in their personal and private capacities under color of

4   the state law, somehow violated Plaintiff's constitutional rights.  The amendment alleges the

5   "Doe" defendants are unknown because they intentionally concealed their legal personal names.

6   Notwithstanding the inherent improbability of Plaintiff's allegation that there exists an

7   unspecified number of private individuals acting in their private capacities under assumed names

8   as they participated in the 2006 Action against Plaintiff, Plaintiff's claim against these

9   individuals in the instant action fails for much the same reason as the claims against the named

10  defendants – no acts are alleged that would amount to the wrongs that are alleged to have been

11  committed.  As is the case with the complaint, the amendment alleges the "Doe" Defendants

12  committed acts amounting to robbery, fraud, etc.; in other words, mere legal conclusions cast as

13  facts.  Without allegation of actions that amount to the wrongs alleged, the amendment, as well

14  as the complaint, fail to state claims for which relief can be granted.

15  **III.  Leave to Amend**

16      Pursuant to Federal Rule of Civil Procedure 15(a), "leave [to amend pleadings] shall be

17  freely given when justice so requires."  In considering whether leave to amend is appropriate, the

18  court must considered several factors, including the presence or absence of undue delay, bad

19  faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue

20  prejudice to the opposing party and futility of the proposed amendment.  Hinton v. Pacific

21  Enterprises, 5 F.3d 391, 395 (9th Cir 1993);  Moore v. Kayport Package Exp., Inc., 885 F.2d 531,

22  538 (9th Cir. 1979).

23      Defendant United State of America is entitled to sovereign immunity from suit except to

24  the extent it consents to suit.  Plaintiff has failed to allege any theory upon which the sovereign

25  immunity of United States could be held to be waived, nor is the court aware of any basis for

26  waiver in this civil rights case.  Because the court considers further amendment of the complaint

27

28                                              12

1  with respect to Defendant United States to be futile, the complaint and its amendment will be

2  dismissed with regard to United States without leave to amend.

3         The complaint and its amendment allege nothing with respect to this court, its judicial

4  staff, or the Ninth Circuit Court of Appeals and its judicial staff aside from their respective

5  participation in the proceedings in the 2006 Action.  Because the only connection between

6  Plaintiff's alleged harm and the defendant courts and judges or justices arises from the judicial

7  process itself in the 2006 Action, absolute judicial immunity applies to the Defendant courts and

8  their judicial staff members.  The court finds further amendment of the complaint with respect to

9  these defendants would be futile.  Dismissal of this court and its judges and the Ninth Circuit

10 Court of Appeals and its justices will therefore be without leave to amend.  Similarly, attorneys

11 G. Patrick Jennings and Michael Pitman, and  McGregor W. Scott are being sued in their official

12 capacities only.  There is no indication whatsoever that any of the harm Plaintiff alleges was

13 caused by any of the attorney-Defendants acting outside his official capacity.  The court finds

14 that further amendment of the complaint with respect to the attorney-Defendants would be futile

15 will therefore be dismissed without leave to amend.

16        The court has found that United States Marshall Darrin Lambert, along with any "Doe"

17 defendants who are not judicial officers or attorney-representatives of IRS, and who are

18 government officials or agents are immune from liability under the doctrine of qualified

19 immunity.  Although the court has found that Plaintiff has failed to state a claim for which relief

20 may be granted with respect to Lambert and any Doe Defendants, the court has found that a

21 complaint could possibly be sufficiently alleged if Plaintiff can allege facts that show that

22 Lambert and/or any Doe Defendants committed acts that a reasonable person would understand

23 were unconstitutional.  Based on the information now before it, the court cannot find as a matter

24 of law that further amendment of the complaint with respect to Lambert or unnamed Doe

25 Defendant would be futile.  Leave to amend will therefore be granted as to these Defendants

26 only.

27

28                                                    13

THEREFORE, in accord with the foregoing discussion:

1.      Defendants' motion to dismiss Defendant United States pursuant to F.R.C.P. 12(b)(1) is hereby GRANTED.  The complaint and any amendment thereto are hereby DISMISSED in their entirety without leave to amend with regard to Defendant United States.

2.      Defendants' motion to dismiss Defendants United States District Court for the Eastern District of California, and Judges Anthony W. Ishii, Lawrence O'Neill, and Gary Austin, and Defendant Court of Appeals for the Ninth Circuit and Justices Alfred Goodwin, Stephen Reinhardt, and William Fletcher pursuant to F.R.C.P. 12(b)(1) is hereby GRANTED.  The complaint and any amendment thereto are hereby DISMISSED in their entirety without leave to amend with regard to the foregoing Defendants.

3.      Defendants' motion to dismiss Defendants G. Patrick Jennings, Michael Pitman, and McGregor W. Scott pursuant to F.R.C.P. 12(b)(1) is hereby GRANTED.  The complaint and any amendment thereto are hereby DISMISSED in their entirety without leave to amend with regard to Defendants  G. Patrick Jennings, Michael Pitman, and  McGregor W. Scott.

4.      Defendants' motion to dismiss Defendants Darrin Lambert, and any unnamed "Doe" Defendants Pursuant to F.R.C.P. 12(b)(6) is hereby GRANTED.  The complaint and any amendment thereto are hereby DISMISSED in their entirety with leave to amend with regard to Defendants Darrin Lambert, and any unnamed "Doe" Defendants.

5.      Defendants' request to substitute Defendant United States as the proper party defendant is hereby DENIED as moot.

6.      Plaintiff may file any amendment in this action not later than thirty (30) days from the date of service of this order.


IT IS SO ORDERED.

**Dated:   June 10, 2008             /s/ Anthony W. Ishii**
                                                UNITED STATES DISTRICT JUDGE

14