**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLES WAYNE UPTERGROVE,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>**DARRIN LAMBERT, McGREGOR W.** )<br>**SCOTT, G. PATRICK JENNINGS,** )<br>**MICHAEL G. PITMAN, UNITED** )<br>**STATES DISTRICT COURT FOR THE** )<br>**EASTERN DISTRICT OF** )<br>**CALIFORNIA, UNITED STATES** )<br>**COURT OF APPEALS FOR THE** )<br>**NINTH CIRCUIT,** )<br>)<br>**Defendants.** )<br>_____ ) | CV **F 08-0303 AWI SMS**<br><br>**ORDER DENYING**<br>**DEFENDANTS' MOTION FOR**<br>**RECONSIDERATION AND**<br>**DENYING MOTION TO**<br>**REMAND**<br><br><br><br>Document # 16 |

In this is an action for damages and injunctive relief, plaintiff Charles Wayne Uptergrove ("Plaintiff") has moved for reconsideration of the court's order of June 12, 2008, dismissing Plaintiff's amended complaint as to all defendants. Plaintiff also moves for an order on Plaintiff's motion to remand. Plaintiff filed this action in Madera County Superior Court on February 21, 2008. The case was removed to this court on March 3, 2008. The complaint lists as defendants United States of America, Darrin Lambert, G. Patrick Jennings, Michael G. Pitman, McGregor W. Scott, the District Court for the Eastern District of California, and the Ninth Circuit Court of Appeals (collectively "Defendants"). On April 4, 2009 Plaintiff filed an

"amended" complaint which purports to amend, rather than replace, the original complaint by adding a number of "Doe" defendants and setting forth claims against the Doe defendants. The amendment to the complaints adds Doe Defendants, but no additional named individual or entity defendants. On June 12, 2008, the court issued its order on Defendants' motion to dismiss. In that order, the court dismissed Defendants United States, IRS, all named courts, judicial personnel, and attorney-representatives of the United States or the IRS with prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "June 12 Order"). The June 12 Order also dismissed without prejudice United States Marshall Darin Lambert, as well as all "Doe Defendants" pursuant to Rule 12(b)(6).

Although titled as a motion for reconsideration, the crux of Plaintiff's motion is Plaintiff's contention that the court erred by not explicitly ruling on Plaintiff's motion to remand to state court. Plaintiff offers no objection to the court's substantive rulings on Defendants' motion to dismiss, other than to claim depravation of due process because Plaintiff's motion to remand was not directly addressed. As Defendants correctly point out, a court can implicitly deny a motion by ruling on other motions so as to render moot the motion that was not directly addressed. See Doc. # 17 at 3 (listing case authority for the proposition). This is the case here. Plaintiff's motion for remand was rendered moot by this court's order dismissing the complaint in its entirety with respect to all Defendants.

In essence, Plaintiff's motion to remand is currently moot because there is nothing to remand. Plaintiff states in his reply to Defendants' opposition to the motion to remand that there remains in this action "State Causes of Action" against only "John and Jane Doe Defendants." Plaintiff is factually mistaken. First, all of the Doe Defendants were dismissed by the court's June 12 Order, along with all named Defendants. Second, no causes of action remain in this case because both the complaint and its amendment were dismissed in their entirety with respect to all Defendants. The only thing that remains of this case is the right to file an amended complaint against Marshall Daren Lambert and the "Doe Defendants."

The basis for Plaintiff's motion for remand is that this court, having dismissed all named Defendants, no longer has jurisdiction over Plaintiff's state claims against the Doe Defendants. It is beyond dispute that District courts have *original* jurisdiction in:

> [a]ny civil action against the United State for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1343.

As the court pointed out in its June 12 Order, this action arises out of actions taken by United States to reduce to judgment and foreclose on property owned by Plaintiff in satisfaction of an unpaid tax claim. Doc. # 15 at 2:15-17. Since this case arises out of Plaintiff's claim that United States has illegally assessed or collected taxes owed by Plaintiff, this court has original jurisdiction in this action, both as originally pled and as amended. Put another way, so long as the gravamen of Plaintiff's complaint is that he was unlawfully subjected to federal taxation, his action must remain in federal court. The court will relinquish jurisdiction if, and only if, it is satisfied that the complaint does not raise issues over which it has subject matter jurisdiction. Because there is now no operative complaint and no defendant in this action, the court has no basis for a determination that it now lacks subject matter jurisdiction.

In light of the foregoing, Plaintiff's motion for reconsideration and motion to remand are both hereby DENIED.

IT IS SO ORDERED.

**Dated:    July 24, 2008**                          /s/ Anthony W. Ishii
                                                  CHIEF UNITED STATES DISTRICT JUDGE

3